**CHICAGO FURNITURE FORWARDING CO. v. BOWLES, Price Administrator, et al.**

**No. 45 C 1006.**

District Court, N. D. Illinois, E. D.

June 10, 1946.

382

John F. Manierre and Gardner, Morrow, Fowler & Merrick, all of Chicago, Ill., for plaintiff.

Amos J. Coffman, Homer C. Clay, and Francis L. Zimmermann, all of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This is an action for a declaratory judgment and an injunction filed by plaintiff on June 26, 1945, against defendants. The complaint alleges in substance that the plaintiff is a common carrier, although not regulated as such under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.; that Section 302 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A Appendix, § 942, provides that rates charged by common carriers shall not be regulated by the Administrator; that the highest price charged by plaintiff for freight forwarding services during March, 1942, was 53 cents per cwt., and that the plaintiff now performs the same services for 45 cents per cwt.; that defendants contend that plaintiff is not a common carrier and is not exempt from the operation of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the General Maximum Price Regulations promulgated pursuant thereto; that plaintiff has been informed by the attorneys for the Administrator that they have decided to file suit on behalf of the Administrator against plaintiff, and that the decision on the part of said attorneys for the Administrator 'is arbitrary and unreasonable. Wherefore, plaintiff prays for a declaratory judgment determining that it is a common carrier; or, in the alternative, that plaintiff's maximum price for its services is 53 cents per cwt., and that the

Court enjoin the Administrator, his attorneys and agents from instituting any action against the plaintiff prior to the determination of such matters.

On July 6, 1945, this cause came on before Judge Campbell on plaintiff's motion for a preliminary injunction, as well as on defendants' motion to dismiss. The court denied plaintiff's motion for a preliminary injunction, and continued the hearing on defendants' motion to dismiss, giving the parties leave to file briefs.

As grounds for their motion to dismiss defendants set up improper venue, want of a necessary and indispensable party, and want of jurisdiction of the parties and the subject matter.

This motion to dismiss is now before me for disposition.

On July 10, 1945, Chester Bowles, Administrator of the Office of Price Administration, filed suit against Chicago Furniture Forwarding Company, charging it with offering and supplying its services at prices in excess of the maximum prices contained in Revised Maximum Price Regulation 165 established pursuant to the Emergency Price Control Act of 1942, as amended. The Chicago Furniture Forwarding Company answered, denying that the services which it renders are subject to the Emergency Price Control Act of 1942, as amended, or to Revised Maximum Price Regulation 165, it being a common carrier, and therefore exempt under Section 302 thereof; and denying that it has sold or offered its services in excess of maximum prices established by said Price Regulation 165, if it is found applicable to it.

On February 6, 1946, on motion of the Chicago Furniture Forwarding Company, these two cases were consolidated on the ground that they both involved common questions of law and of fact.

Inasmuch as the motion of Chicago Furniture Forwarding Company for a preliminary injunction in Case No. 45 C 1006 has been denied, and it has now, by its answer filed in the case of Bowles v. Chicago Furniture Company, presented its defenses, which defenses are the identical matters set out in its petition as grounds for the granting of a declaratory judgment

in case No. 45 C 1006, it would appear that plaintiff's legal rights have all been preserved in the case of Bowles v. Chicago Furniture Forwarding Company and will in no way be prejudiced by the dismissal of case No. 45 C 1006. I am of the opinion that since all matters in controversy between the parties can be determined in the case of Bowles v. Chicago Furniture Forwarding Company, that the case of Chicago Furniture Forwarding Company v. Bowles should be dismissed. It is therefore ordered that suit No. 45 C 1006 be dismissed.